# In the United States Court of Federal Claims

No. 18-605C

(E-Filed: December 18, 2020)

| | |
|---|---|
| PHILIP EMIABATA, d/b/a PHILEMA BROTHERS,  Plaintiff, v. THE UNITED STATES,  Defendant. | Motion to Dismiss; RCFC 12(b)(1); Implied-in-Fact Contract Jurisdiction; Suspension and Debarment. |

Philip Emiabata, Pflugerville, TX, pro se.

Alexander O. Canizares, Trial Attorney, with whom were Chad A. Readler, Acting Assistant Attorney General, Robert E. Kirschman, Jr., Director, and Tara K. Hogan, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant. Shoshana O. Epstein, of counsel.[1]

OPINION

CAMPBELL-SMITH, Judge.

Before the court is defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (RCFC). See ECF No. 9. Defendant filed its motion on August 10, 2018, plaintiff then filed his response, see ECF No. 15, and defendant filed its reply, see ECF No. 17. The court deferred ruling on the motion and suspended this matter pending the final resolution of plaintiff's related

---

[1] Defendant's supplemental brief in this matter, ECF No. 28, substitutes Acting Assistant Attorney General Ethan P. Davis for Chad A. Readler, Kara M. Westercamp for Alexander O. Canizares, and does not include Shoshana O. Epstein.

appeal before the United States Court of Appeals for the Federal Circuit, Case Number 2019-1041 (Fed. Cir. Oct. 5, 2018).  See ECF No. 19.

Upon resolution of plaintiff's appeal, the court lifted the stay in this case.  See ECF No. 23 (order).  Plaintiff filed a supplemental brief in opposition to defendant's motion to dismiss on July 2, 2020, see ECF No. 25, and defendant filed a supplemental brief in support of its motion on July 14, 2020, see ECF No. 28.  The motion is now fully briefed and ripe for decision.

For the reasons stated below, defendant's motion is **GRANTED in part** and **DENIED in part**.

I.    Background[2]

This is plaintiff's second suit before this court contesting the termination of his mail delivery contract, HCR 450D3, by the United States Postal Service (USPS).  See ECF No. 6 at 4 (amended transfer complaint, hereinafter referred to as the complaint).  Plaintiff's first suit was dismissed on summary judgment on August 29, 2018.[3]  See Emiabata v. United States, 139 Fed. Cl. 418 (2018).  Plaintiff appealed that ruling to the United States Court of Appeals for the Federal Circuit.  See Case No. 2019-1041.  The Federal Circuit, on December 6, 2019, issued its decision denying plaintiff's appeal and affirming this court's decision.  See Emiabata v. United States, 792 Fed. App'x 931 (Fed. Cir. 2019).

Plaintiff initially filed this suit in the United States District Court for the District of Vermont while his first suit was pending.  Emiabata v. United States, Case No. 2:17-cv-00256 (D. Vt. filed Dec. 27, 2017).  The district court dismissed the case for lack of subject matter jurisdiction, noting that it addressed the same contract as that at issue in plaintiff's first case before this court, and concluded that transfer to this court was in the interests of justice.  See Emiabata, Case No. 2:17-cv-00256, ECF No. 3 at 5 (D. Vt.) ("As [plaintiff] currently has an action pending in the proper forum of the United States Court of Federal Claims concerning the same USPS contract at issue in his Complaint filed here, this court finds, in its discretion, it is in the interests of justice to transfer this case under 28 U.S.C. § 1631.").  This court received the transfer on April 27,

---

[2]    The facts are taken from plaintiff's complaint and are undisputed by defendant in its motion to dismiss.  The court makes no findings of fact here.

[3]    In his prior suit before this court, Emiabata v. United States, Case No. 17-447C, filed in 2017, the only claim that survived this court's ruling on the government's motion to dismiss was a wrongful termination for default claim.  Emiabata v. United States, 135 Fed. Cl. 213, 221 (2017).  That claim, too, was later dismissed when the court ruled on defendant's motion for summary judgment.  Emiabata v. United States, 139 Fed. Cl. 418 (2018).

2018, see ECF No. 1, and plaintiff filed his transfer complaint on May 29, 2018, see ECF No. 6.

In his complaint, plaintiff alleges that he does business as a sole proprietorship, Philema Brothers, and was a contractor with the USPS pursuant to a mail-delivery contract from December 2015 to March 2016.  See ECF No. 6 at 3-4.  On March 25, 2016, plaintiff's contract was terminated for default.  See id. at 4.  Some time after his contract was terminated, plaintiff alleges that he was placed on a "[n]ever ending [s]uspension list without due process."  Id. at 6.  According to plaintiff, he discovered that he had been placed on a suspension list when, after submitting multiple proposals for additional contracts and not hearing back, he placed phone calls to the USPS contracting officers for those contracts.  See id. at 6-7.  He was then contacted by a "contracting [s]pecialist" named Olabode Obiwole, who informed plaintiff that he would like to award plaintiff "some of the [c]ontracts" but "asked if plaintiff ha[d] removed his name from the Suspending List."  Id.

Plaintiff alleges that he then attempted to contact other contracting officers and requested that his name be removed from the suspension list, but received no response.  Id. at 7.  Plaintiff further states that he has not been receiving a "[c]ontract [l]ist for bidding," as he was used to receiving, because the USPS blocked him from contracting.  Id.  As a result of his placement on this list, plaintiff alleges that defendant "is in violation of plaintiff['s] Due Process [rights and] also in violation of Federal Acquisition Regulation (FAR) Subpart 9.4-Debarment, Suspension, 9.407-2 Causes for Suspension and 9.407-3 Procedures."  Id. at 4.  Plaintiff further asserts that defendant's actions were arbitrary, reckless, negligent, and wrongful, and deprived plaintiff of liberty.  See id. at 5.

Plaintiff then goes on to assert largely the same allegations related to the USPS's termination of his contract, HCR 450D3, for default that he alleged in his first case before this court.  Compare id. at 8-11, with Case No. 17-447, ECF No. 1 at 1-5 (complaint).  Because the court documented that factual background in detail in its order on defendant's motion to dismiss and its order on defendant's motion for summary judgment in plaintiff's first case, Case No. 17-447, the court does not repeat it here.  See Case No. 17-447, ECF No. 18 (order on motion to dismiss); ECF No. 44 (order on motion for summary judgment).  Instead, only the facts relevant to this disposition are addressed.

II.     Legal Standards

   A.    Pro Se Plaintiffs

Plaintiff is proceeding pro se and is therefore entitled to a liberal construction of his pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers") (citations omitted).  Pro se plaintiffs are "not expected to frame

3

issues with the precision of a common law pleading." Roche v. U.S. Postal Serv., 828 F.2d 1555, 1558 (Fed. Cir. 1987).

      B.      Dismissal for Failure to State a Claim

The court reviews motions to dismiss based on the doctrine of res judicata under the standards of RCFC 12(b)(6). See Chisolm v. United States, 82 Fed. Cl. 185, 193 (2008) (citing Pactiv Corp. v. Dow Chem. Co., 449 F.3d 1227, 1229-30, 1233-34 (Fed. Cir. 2006)). When considering a motion to dismiss brought under RCFC 12(b)(6), the court "must presume that the facts are as alleged in the complaint, and make all reasonable inferences in favor of the plaintiff." Cary v. United States, 552 F.3d 1373, 1376 (Fed. Cir. 2009) (citing Gould, Inc. v. United States, 935 F.2d 1271, 1274 (Fed. Cir. 1991)). It is well-settled that a complaint should be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." Lindsay v. United States, 295 F.3d 1252, 1257 (Fed. Cir. 2002). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

      C.      Dismissal for Lack of Jurisdiction

Plaintiff bears the burden of establishing the court's subject matter jurisdiction by a preponderance of the evidence. See Brandt v. United States, 710 F.3d 1369, 1373 (Fed. Cir. 2013). To determine whether plaintiffs have carried this burden, the court must accept "as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." Trusted Integration, Inc. v. United States, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing Henke v. United States, 60 F.3d 795, 797 (Fed. Cir. 1995)). If the court does not have jurisdiction over the matter, the court must dismiss it, see RCFC 12(h)(3), or, if it is in the interests of justice, transfer the case to a court that has jurisdiction, see 28 U.S.C. § 1631.

The Tucker Act delineates this court's jurisdiction. See 28 U.S.C. § 1491. That statute "confers jurisdiction upon the Court of Federal Claims over the specified categories of actions brought against the United States." Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc) (citations omitted). Specifically, the statute provides:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

4

28 U.S.C. § 1491(a)(1).  The Tucker Act "waives the Government's sovereign immunity for those actions."  See Fisher, 402 F.3d at 1172.  The statute does not, however, create a substantive cause of action or right to recover money damages in the Court of Federal Claims.  See id.  "[T]o come within the jurisdictional reach and the [sovereign immunity] waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages."  Id. (citations omitted).  In other words, the source underlying the cause of action must be money mandating, in that it "'can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained.'"  United States v. Testan, 424 U.S. 392, 400 (1976) (quoting Eastport S.S. Corp. v. United States, 372 F.2d 1002, 1009 (Ct. Cl. 1967), and citing Mosca v. United States, 417 F.2d 1382, 1386 (Ct. Cl. 1969)).

III.   Analysis

    A.   Plaintiff's Claims Related to the Termination Of Contract HCR 450D3 Are Barred by Res Judicata

As an initial matter, any of plaintiff's claims related to the termination of his contract, HCR 450D3, are barred by the doctrine of res judicata.  The doctrine of res judicata "prevents the same parties from relitigating claims or issues that were or could have been raised in a prior proceeding."  Sabersky v. Dep't of Justice, 61 Fed. App'x 676, 677 (Fed. Cir. 2003) (citing Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981); Stearn v. Dep't of Navy, 280 F.3d 1376, 1380 (2002)).  The doctrine applies where "(1) the prior decision was rendered by a forum with competent jurisdiction; (2) the prior decision was a final decision on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases."  Sullivan v. Dep't of Justice, 282 Fed. App'x 828, 830 (Fed. Cir. 2008) (citing Carson v. Dep't of Energy, 398 F.3d 1369, 1375 (Fed. Cir. 2005)).

Plaintiff raises the same termination-related claims in his complaint in this case that he raised in his prior case before this court, Case No. 17-447.  Compare ECF No. 6 at 8-11, with Case No. 17-447, ECF No. 1 at 1-5.  Defendant argues in its motion to dismiss that "to the extent that [plaintiff] asks the [c]ourt to decide the same claims at issue in Case No. 17-447, the [c]ourt has already issued" an opinion on those claims, ECF No. 9 at 14, and "the Federal Circuit affirmed the judgment," therefore, "res judicata bars [plaintiff's] claim," ECF No. 28 at 3.

The court agrees.  Plaintiff's claims in this case that are related to the termination of contract HCR 450D3:  (1) involve the same parties as his first suit; (2) were decided by this court in that suit and the decision was affirmed by the Federal Circuit; and (3) involve the same set of facts and claims as his prior suit.  See ECF No. 6 at 8-11; see also Sullivan, 282 Fed. App'x at 830.  Plaintiff's claims related to the termination of contract HCR 450D3 fall squarely within the ambit of res judicata and, thus, must be dismissed.

> B. The Court Lacks Jurisdiction to Hear Plaintiff's Claims Related to His Purported Suspension

Defendant argues that plaintiff's remaining claims in this case, related to his allegation that he was improperly included (or placed) on a suspension list with the USPS, should be dismissed because this court lacks jurisdiction to hear them. See ECF No. 9 at 11, 15-23. First, defendant contends, plaintiff fails to "identify any money-mandating source of law that would confer [on this court] jurisdiction" over his claim. Id. at 15. Second, defendant asserts, plaintiff does not appear to be bringing a bid protest under this court's bid protest jurisdiction, and, even if he were, he failed to exhaust his administrative remedies—a prerequisite to bringing a claim in this court. See id. at 18-23.

Plaintiff responds by arguing that: (1) this court has jurisdiction over his claims pursuant to the Federal Tort Claims Act (FTCA), for which defendant has waived its sovereign immunity, and (2) that he adequately stated his claims pursuant to Federal Rule of Civil Procedure 8. See ECF No. 15 at 2, 4-5. Plaintiff also requests jurisdictional discovery. See id. at 6.

> 1. Federal Tort Claims Act Claims

It is well settled that this court's jurisdiction does not encompass tort claims. See 28 U.S.C. § 1491(a)(1) (conferring upon the court jurisdiction to hear certain claims "not sounding in tort"); Brown v. United States, 105 F.3d 621, 623 (Fed. Cir. 1997) (stating that this court "lacks jurisdiction over tort actions against the United States"). Therefore, to the extent plaintiff brings his claims pursuant to the FTCA, this court lacks jurisdiction to hear them.

> 2. Money-Mandating Statute

It is also well-established that to invoke this court's jurisdiction under the Tucker Act, a plaintiff must "identify a separate source of substantive law that creates the right to money damages." Fisher, 402 F.3d at 1172. Defendant argues that plaintiff here fails to do so. See ECF No. 9 at 15-18. Specifically, defendant contends that none of the statutes identified by plaintiff as the source of his claims "confers [on this court] jurisdiction over his complaint . . . because none of them is a money-mandating source of law." Id. at 16.

The court agrees with defendant. Plaintiff appears to assert that his action arises under the Federal Rules of Civil Procedure; "the Postal Reorganization Act, 39 U.S.C. § 401(1)"; 28 U.S.C. §§ 1331 and 1337; 39 U.S.C. § 409; violations of the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution; state law provisions; and violations of provisions of the Federal Acquisition Regulations related to debarment and suspension. See ECF No. 6 at 3-6. None of these can "fairly be interpreted" as

containing a provision that "mandate[s] compensation by the Federal Government for the damage sustained." Testan, 424 U.S. at 400 (quoting Eastport, 372 F.2d at 1009).

To begin, this court does not possess jurisdiction over state law claims. See 28 U.S.C. § 1491(a)(1) (permitting only suits based on the "Constitution, Acts of Congress or any regulation of an executive department"); Souders v. S.C. Pub. Serv. Auth., 497 F.3d 1303, 1307 (Fed. Cir. 2007) ("Claims founded on state law are . . . outside the scope of the limited jurisdiction of the Court of Federal Claims."). Next, the Federal Rules of Civil Procedure are procedural, as opposed to substantive, rules that do not apply in this court and do not confer jurisdiction. See Gibson v. United States, 121 Fed. Cl. 215, 217 (2015). As cited by plaintiff, the "Postal Reorganization Act, 39 U.S.C. § 401(1)," is not a money mandating statute—it merely lists the "general powers" of the Postal Service, including the power "to sue and be sued in its official name." 39 U.S.C. § 401(1). Likewise, 39 U.S.C. § 409 provides the procedural details for suits by and against the USPS, but contains no money-mandating provision. Both 28 U.S.C. §§ 1331 and 1337 confer jurisdiction on the United States District Courts, but not on this court, and neither statute is a money-mandating source of law. See Hernandez v. United States, 38 Fed. Cl. 532, 537-38 (1997) (noting that "merely . . . jurisdictional" statutes do not create any substantive right enforceable against the United States).

Claims brought pursuant to the Fourth Amendment, the Fourteenth Amendment, and the Due Process Clause of the Fifth Amendment are also not money-mandating, because they do not command the payment of money damages for their violation. See Hardin v. United States, 123 Fed. Cl. 667, 671 (2015) (collecting cases holding that various Constitutional Amendments, including the Fourth Amendment, Fourteenth Amendment, and Due Process Clause of the Fifth Amendment, do not mandate the payment of money damages).

Finally, the FAR provisions cited by plaintiff—FAR 9.4, FAR 9.407-2, and FAR 9.407-3—are not an independent basis for jurisdiction. See Allen v. United States, 140 Fed. Cl. 550, 563 (2018) (noting that this court only has jurisdiction over claims brought pursuant to FAR 9.4 "to the extent that claims arose under the court's bid protest jurisdiction"); see also IMCO, Inc. v. United States, 97 F.3d 1422, 1425 (Fed. Cir. 1996) ("The Tucker Act does not give the court jurisdiction to review the propriety of an agency's decision to debar a contractor."). Thus, plaintiff has not identified a "separate source of substantive law that creates the right to money damages" and fails to establish this court's Tucker Act jurisdiction. Fisher, 402 F.3d at 1172.

    3.  Bid Protest Jurisdiction

Defendant next argues that plaintiff cannot establish jurisdiction pursuant to the court's bid protest jurisdiction under the Tucker Act. See ECF No. 9 at 18-23. As defendant notes, plaintiff does not appear to invoke the court's bid protest jurisdiction. See id. at 18; ECF No. 6. Plaintiff does not contest this point in his response. See ECF

No. 15. Although the court agrees with defendant that plaintiff neither raised nor can establish the court's bid protest jurisdiction, the gravamen of plaintiff's complaint appears to be the propriety of his alleged suspension, which—under particular circumstances—may be brought under the court's 28 U.S.C. § 1491(a)(1) implied-in-fact contract jurisdiction. See ECF No. 6 at 4.

This court does not have jurisdiction to review the propriety of an agency's decision to suspend or debar a contractor. See IMCO, 97 F.3d at 1425. However, if a contractor is suspended while its otherwise responsive bid is under consideration by an agency, this court has jurisdiction pursuant to its implied-in-fact contract jurisdiction to review the propriety of the agency's action. See id. at 1425-27.

Here, plaintiff alleges that after he filed his first suit in this court, the USPS contracting officers placed him "in a [n]ever ending [s]uspension list without due process" "in retaliation" for that suit. ECF No. 6 at 6. Plaintiff also alleges that "[s]ince the [t]ermination and the [l]aw suit against USPS" he has "place[d] many bids with USPS" but not received the "result" of those bids. Id. According to plaintiff, he eventually spoke with a contracting specialist who told him he was on "the [s]uspending list," although "[t]his [was] not the first time plaintiff h[e]ard of this."[4] Id. at 7. Taking the facts alleged as true, plaintiff's allegations are insufficient to support a finding of jurisdiction. It appears to the court based on the allegations plaintiff details that his suspension is not in any way connected to an otherwise responsive bid. Therefore, this court lacks jurisdiction over plaintiff's claim pursuant to its implied-in-fact contract jurisdiction. See IMCO, 97 F.3d at 1425-27.

Plaintiff has failed to allege any basis for this court's jurisdiction and, without more, discovery is not appropriate in this matter. Thus, the court must conclude that plaintiff's claim that his suspension was a violation of various Constitutional and statutory rights is not one over which this court possesses jurisdiction.

C. Transfer Is Appropriate

Because the court has concluded that it lacks jurisdiction in this case, it must consider whether transfer to a court with jurisdiction is in the interests of justice:

> [w]henever a civil action is filed in [this] court . . . and [this] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed.

---

[4] Defendant notes for the court that in the publicly available System Award Management (SAM) database of suspended and debarred contractors, "neither [plaintiff] nor Philema Brothers has been suspended or debarred." ECF No. 9 at 21.

28 U.S.C. § 1631.  "Transfer is appropriate when three elements are met:  (1) [t]he transferring court lacks subject matter jurisdiction; (2) the case could have been filed in the court receiving the transfer; and (3) the transfer is in the interests of justice."  Brown v. United States, 74 Fed. Cl. 546, 550 (2006) (citing 28 U.S.C. § 1631).

The court has already determined that it lacks jurisdiction over plaintiff's claims that are not dismissed for failure to state a claim pursuant to RCFC 12(b)(6).  The district courts possess jurisdiction to hear claims related to the propriety of suspension and debarment proceedings.  See IMCO, 97 F.3d at 1425.  When the district court transferred plaintiff's case to this court, it did so on the basis that plaintiff's claims "arise out of [plaintiff's] contract with the USPS."  ECF No. 1-4 at 3.  The district court did not address plaintiff's claims related to his purported suspension.  See id. at 1-5.  Therefore, this court finds that transferring plaintiff's suspension claim back to the district court to permit it to address the viability of that claim is in the interests of justice.

IV.  Conclusion

Accordingly, for the foregoing reasons:

(1) Defendant's motion to dismiss for failure to state a claim, ECF No. 9, is **GRANTED in part**, as to plaintiff's claim related to his termination for default, and **DENIED in part**, as to plaintiff's claim related to his suspension;

(2) Pursuant to RCFC 54(b), as there is no just reason for delay, the clerk's office is directed to **ENTER** final judgment in defendant's favor as to plaintiff's claim related to his termination for default, and **DISMISS** plaintiff's claim with prejudice; and

(3) The clerk's office is further directed to **TRANSFER**, pursuant to 28 U.S.C. § 1631, plaintiff's claim related to his suspension to the United States District Court for the District of Vermont.

IT IS SO ORDERED.

<div style="text-align:right">

s/*Patricia E. Campbell-Smith*
PATRICIA E. CAMPBELL-SMITH
Judge

</div>